## PUBLIC CONTRACTS NOT AWARDED TO THE LOWEST BIDDERS.

[Circuit Court of Summit County.]

CITY OF AKRON V. OSCAR B. FRANCE ET AL.

Decided, April Term, 1902.

*Contracts for Public Work—Bids—Remedy of Lowest Bidder—Where in the Discretion of Public Officials Contract is Awarded to Lowest Responsible Bidder—Lowest Bidder Not Entitled to Damages.*

1. Where bids have been invited under Section 794, directing the proper officials in making contracts for public improvements, to award the contract to the lowest responsible bidder, it is within the discretion of such officials to reject any or all bids or to award the contract to one whose bid is not the lowest in price.
2. Mandamus will not lie to compel the award of such a contract to the lowest bidder; the remedy is to enjoin the carrying forward of the work, set aside the contract and to refer the matter back to the officials awarding the contract for further action in accordance with the statute.
3. An action will not lie on the part of the lowest bidder for work thus awarded, for recovery of the amount which said bidder claims would equal his profits had the contract been awarded to him.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

Heard on error.

The city of Akron, in June, 1898, had taken the necessary steps for improving a portion of Wooster avenue. Through its proper officials it advertised for bids for doing the work. In response to that advertisement there were two bids filed with the city, the plaintiffs proposing to furnish all the material and to do the work for $19,093.83. McCourt proposed to do the work for $19,512.21. After these bids were received, the plaintiffs, who were the lowest bidders, ascertained that there was danger of losing the contract, and brought an action in the court of common pleas setting up the proper facts and asked that the city officials be enjoined from awarding this contract to McCourt and be compelled to enter into a contract with the plaintiffs for the doing of the work. The officials were too quick for the officers serving the papers, and before the papers

were served entered into a contract with McCourt accepting his offer.

Thereupon the petition was amended and a supplemental and amended petition filed in which allegations are made that the commissioners of the city fraudulently entered into this contract with McCourt to defeat the plaintiffs in their rights, and alleging the facts occurring after the first petition was filed. For some reason trial was delayed for some time, and when the case was heard on the issues made, the court found the fact to be that the plaintiffs were the lowest bidders for the doing of this work and should have been awarded the contract. The court also found that the work had been done by McCourt, that the whole contract was completed, that it had been accepted by the city and paid for, and retained the case for the purpose of assessing damages to the plaintiffs by reason of the plaintiffs having been denied the contract.

The case was continued, and the plaintiffs filed a second supplemental petition in which they allege that the contract had already been completed by McCourt, had been accepted by the city and McCourt paid for it, and there was nothing to be done so far as he was concerned; and asking for damages against the city in the sum of $5,150; $5,000 for the profits that would have been made by the plaintiffs if they had been awarded the contract and allowed to complete it and $150 for some other items. The case then came on for further hearing, issues having been made by answer and reply, and was submitted to the jury for the assessment of damages, the court holding that the court, on the first hearing, had determined the rights of parties.

The precise question here involved has not been, as far as we are aware, adjudicated by the Supreme Court. There are three cases that may have some bearing on the questions here involved: First, the case against the commissioners of Darke county, a mandamus to compel the awarding of a contract for the building of a court house, was sustained by the Supreme Court, but under a statute that required the letting of a contract to the person proposing to build the structure for the lowest price, and the court held that meant a mere matter of mathematics, no discretion lodged with the commissioners, and hence a mandamus

would lie to compel the making of the contract with the lowest bidder, or the party proposing to build it for the lowest price.

Again, in *State* v. *Marion Co.* (*Comrs.*), 39 Ohio St., 188. There was a contention whether the contract—the acceptance of the bid—was governed by a statute which provided for the acceptance of the best and lowest bid or whether it was governed by the old statute requiring the contract to be awarded to the person who would do the work for the lowest price, and the court held that the acceptance of the bid was governed by the statute requiring the bid of the person offering to do the work for the lowest price to be accepted, and mandamus was awarded.   But in *State* v. *Shelby Co.* (*Comrs.*), 36 Ohio St., 326, a mandamus was refused under these circumstances.   Two bids had been made for the furnishing and placing in place the iron structure for a court house.   The lowest bid was accepted, but the party failing to come to time, the second bidder brought suit in mandamus to compel the awarding of the contract to him, and it was held under the statute in force at that time that the commissioners might, in their discretion, reject or accept such bid, and that mandamus would not lie in cases where a discretion is lodged in the tribunal who are to accept or reject the bids.

The statute (Section 794, Revised Statutes) under which these bids were to have been accepted by the city is as follows: None but the lowest and best responsible bid shall be accepted, when such bids are for labor and material separately.   But the board of commissioners may, at its discretion, reject all bids or accept any bid which may be the lowest aggregate cost.

So, if we hold that it was discretionary with the commissioners to reject all bids, or enter into a contract with the bidder that would do the work for the lowest aggregate price, then a discretion was lodged in the commissioners, and they could either reject all bids or enter into a contract with the lowest bidder.

When this first petition was before the court an injunction could have been granted against the city from awarding or entering into a contract with McCourt, but we are very clear that mandamus would not lie to compel the commissioners to enter

into a contract with the plaintiffs. The only thing that could have been done, if it had been heard upon the original petition, was to grant an injunction against entering into the contract with McCourt, and referring it back to the commissioners to proceed according to the statute and exercise a discretion under the statute required.

When the supplemental and amended petitions were filed, the contract had been awarded to McCourt, and he was entering upon the performance of the contract. The only judgment that could then have been made was to enjoin McCourt from proceeding further with the work, set aside the contract, and refer the matter back to the commissioners to exercise the discretion according to the statute. But after that was done and the supplemental petition was filed, and it appeared that the contract had been completed, no action of the city to enjoin, and no contract to award the plaintiffs, then the only relief was to award the plaintiffs damages if they were entitled to it.

Were they entitled to damages? Upon that exact question there are no adjudications in the state. But we are compelled to hold, as we think, that where there is a discretion in the municipality, or in the commissioners, to reject or enter into the contract in accordance with a bid, that no such right or interest exists in the bidder as to entitle him to maintain an action for damages. It has not gone far enough. So that as this case stood at the time this judgment was rendered, it is very clear that the plaintiffs were entitled to no judgment for damages or otherwise, and instead of rendering the judgment that was rendered, the petition should have been dismissed.

We therefore reverse the judgment of the court of common pleas, and make the entry as indicated.